**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Elaine HUGHES, Defendant-Appellant.**

No. 83–2392.

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1984.

Tonahill, Hile & Leister, Richard C. Hile, Jasper, Tex., for defendant-appellant.

Robert J. Wortham, U.S. Atty., Paul E. Naman, Asst. U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before REAVLEY, TATE, and GARWOOD, Circuit Judges.

TATE, Circuit Judge:

The defendant Elaine Hughes was convicted in a jury trial of three (3) counts of converting bank funds to her own use, 18 U.S.C. § 655, and of twelve (12) counts of making "false entries" in bank records with intent to defraud, 18 U.S.C. § 1005. On appeal, Hughes contends that 1) her motion for directed verdict should have been granted as to several counts because the evidence did not establish that the entries alleged therein were "false entries" within the meaning of 18 U.S.C. § 1005, and 2) her motion of acquittal as to all counts should have been granted because of the insufficiency of the evidence in support of her conviction. We vacate the conviction as to count III in the indictment, the government conceding that no "false entry" as charged therein was proved. We affirm the convic-

tion as to the other counts in the indictment, however, finding the defendant's contentions to be without merit.

## I.

The defendant Hughes was an employee of the Allied Kirbyville Bank ("Allied"), in Kirbyville, Texas. The offenses for which she was indicted arose of that employment.

During the period covered in the indictment, Allied permitted certain preferred customers to present to a teller for immediate credit to the customer's account a draft on another bank. A debit memo was then prepared to a general ledger account titled "Cash Items in Process of Collection" ("cash collection account"), to reflect the amount of money taken from the cash collection account and credited to the customer's account. A "collection letter" was prepared and, along with the draft, sent to the other bank, a duplicate of the collection letter being kept on file at Allied. Upon receipt of payment on the draft from the other bank, a credit memo reflecting the amount received was then prepared for the cash collection account, and the corresponding collection letter was removed from the file. At all times the sum of the cash collection account should have equaled the total of the outstanding collection letters.

Allied handled Series E United States Government Savings Bonds in a similar fashion. A customer would bring in a Series E bond for which the bank would give either cash or credit to the customer's account. Prior to redeeming the Series E bonds with the Federal Reserve Bank in Dallas, Texas, Allied "held" the bonds in a general ledger account entitled "Series E Bond Redeemed," with a debit memo to this account prepared for each bond not yet redeemed. The Series E bonds were redeemed once a month by Allied, with credit memos to the Series E bond account prepared to reflect redemption of the bond.

The defendant Hughes was in charge of the cash collection account at Allied. She was also responsible for the Series E bond account. On December 10, 1981 Reba Seale, overseer of internal operations at Allied, conducted a surprise audit of the cash collection account. Seale noted a discrepancy of $35,085.00, and upon checking Hughes' desk, discovered four copies of collection letters totaling $35,000.00, which should have been mailed to the bank which was to make the payments. A subsequent audit of Allied's cash collection account and Series E bond account revealed numerous fictional transactions in an alleged embezzlement scheme that resulted in a claimed loss of approximately $95,702.44 to Allied. Those fictional transactions were traced to Hughes and form the bases for the charges against her.

## II.

We find no merit to the defendant's three contentions of error.

### A. *False Entries*

As to the false entry counts, Hughes by her motion for acquittal raised the issue of whether, fully accepting the government's proof, the transactions in question (credit and debit memos), were false entries. Her essential position is that these credit and debit memos reflected actual credits and debits to the cash collection account, and therefore were not "false" for purposes of the criminal offense since the sole purpose of credit and debit memos was to reflect transfers to and from the cash collection account—even though these entries were based upon fraudulent implied representations that credits and debits had been entered for collection items sent out for collection (debits to the account) and the subsequent receipt of funds in their payment (credits to the account). However, as will be noted, we find that the entries were "false" because within their intended meaning they represented that collection items were sent out and subsequently paid, and these representations were proved by adequate evidence to be false to the jury's satisfaction.

The defendant Hughes contends that the false-entry facts proven at trial were not "false entries," because the accurate reflection of a fraudulent transaction is not a

"false entry" within the meaning of the statute. *See Coffin v. United States,* 156 U.S. 432, 462–63, 15 S.Ct. 394, 406, 39 L.Ed. 481 (1895); *United States v. Manderson,* 511 F.2d 179, 181 (5th Cir.1975). Thus, an entry cannot be "false" within the meaning of the statute when it "correctly reflects the transaction and was so intended." *Manderson, supra,* 511 F.2d at 181.

In particular, Hughes urges that with regard to counts II, V, and VII, the evidence established that the debit memos prepared by Hughes at issue in those counts correctly reflected in the general ledger the transfer, albeit fraudulent, of money from the cash collection account. Hughes also urges that no false entry as alleged in counts III, VI, and VIII was established by the evidence because the credit memo entries at issue accurately reflected the transfer of money to the cash collection account.

■ The government concedes that no "false entry" as alleged in count III of the indictment was proven at trial. The credit memo, alleged by that court to have falsely reflected a $20,000.00 payment to the bank on a collection letter, is not false because the evidence shows that the $20,000.00 was indeed repaid. Accordingly, we vacate the conviction as to count III.

■ With regard to Hughes' other contentions, however, we find no merit. The debit memos in counts II, V, and VII purport to show that a collection instrument was sent to cover the transfer of money from the cash collection account. If (as the jury found, by convicting) no collection letters were sent, the entries to that effect were false. Likewise, the credit memos in counts VI and VIII purport to show that money was transferred to the cash collection account. If (as the jury found, by convicting) no such transfer was made, the entries to that effect were false.

The credit memos in these counts (unlike the credit memo in count III) did not result from the return of money to the cash collection account, but instead reflected a "credit" based upon a purported collection letter and draft that was not actually transmit-

ted. Consequently, we find that the denial of Hughes' motion for acquittal as to counts II, V, VI, VII, and VIII was proper. Accordingly, we reject Hughes' challenge to the conviction on this ground.

### B. *Insufficiency of the Evidence*

Hughes contends that there is insufficient evidence to sustain the conviction as to any of the counts charged in the indictment. The standard of review in this circuit for the sufficiency of the evidence is as follows:

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that evidence establishes guilt beyond a reasonable doubt.

*United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd on other grounds,* — U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

■ Viewing the evidence in the light most favorable to the government, *see Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we find no merit to Hughes' contention that there was insufficient evidence to support her conviction. Hughes entered stipulations to the effect that the collection letters, debit memos, and credit memos at issue reflected dummy transactions, and that those documents, to the extent their preparation required handwriting, were written by her. There was testimony at trial demonstrating how by use of these dummy transactions Hughes manipulated the cash collection account and the Series E bond account to use Allied's funds as well as to cover up the crime.

We conclude that a jury could reasonably find from the evidence that Hughes committed the acts alleged. The difference between these transactions and those transactions occasionally allowed by Allied for its preferred customers (relied upon by the defendant as showing lack of criminal intent on her part) is that in these (unlike those permitted by the bank to preferred custom-

ers), evidence found credible by the jury proved that they were conducted without the bank's consent and with the intent by Hughes to defraud the bank and embezzle its funds.

*Conclusion*

Accordingly, finding no merit to either of Hughes' contentions, we AFFIRM.

AFFIRMED.